IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

SHANE HARRINGTON, Individually and on
Behalf of Others Similarly Situated; H & S
CLUB OMAHA, INC., Individually and on
Behalf of Others Similarly Situated; and CLUB
120, INC., Individually and on Behalf of Others
Similarly Situated;

Plaintiffs,

vs.

CITY OF OMAHA, DOUGLAS COUNTY,
NEBRASKA, AIMEE MELTON, In Their
Individual and Official Capacities; CHRIS
JERRAM, In Their Individual and Official
Capacities; PETE FESTERSEN, In Their
Individual and Official Capacities; BEN GRAY,
In Their Individual and Official Capacities;
VINNY PALERMO, In Their Individual and
Official Capacities; RICH PAHLS, In Their
Individual and Official Capacities; BRINKER
HARDING, In Their Individual and Official
Capacities; JEAN STOTHERT, In Their
Individual and Official Capacities; TODD
SCHMADERER, In Their Individual and
Official Capacities; STEVE MARTINEZ, In
Their Individual and Official Capacities;
TIMOTHY DUNNING, In Their Individual and
Official Capacities; JASON MENNING, In
Their Individual and Official Capacities; JOHN
HENIGE, In Their Individual and Official
Capacities; SHAWN HARPER, In Their
Individual and Official Capacities; SCOTT
BURESH, In Their Individual and Official
Capacities; PAUL LAWSON, In Their
Individual and Official Capacities; MIKE
SUNDERMEIER, In Their Individual and
Official Capacities; CHRIS PERKINS, In Their
Individual and Official Capacities; VAUGHN
COTTON, In Their Individual and Official
Capacities; JAMES HALEY, In Their Individual
and Official Capacities; RICHARD
HAWTHORNE, In Their Individual and Official

**8:20CV412**

**ORDER TO SHOW CAUSE**

Capacities; DUANE EIVINS, In Their
Individual and Official Capacities; KURT
URKOSKI, In Their Individual and Official
Capacities; ELIZABETH BUTLER, In Their
Individual and Official Capacities; and ADI
POUR, In Their Individual and Official
Capacities;

                 Defendants.

Federal Rule of Civil Procedure 4(m) provides, "If a defendant is not served within 90 days after the complaint is filed, the court -- on motion or on its own after notice to the plaintiff -- must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m).

Plaintiffs filed the Amended Complaint on January 3, 2021, and defendant John Henige was added as a defendant. Filing 68. More than 90 days has elapsed since the Amended Complaint was filed. To date, Plaintiffs have not returned the summons forms, a waiver of service has not been filed, Henige has not entered a voluntary appearance, nor has Plaintiff requested an extension of time to complete service. Defendants likewise did not include Mr. Henige in their motions to dismiss, although Defendants included all other Defendants. Accordingly,

**IT IS ORDERED** that Plaintiffs shall have until **May 3, 2021**, to show cause why this defendant should not be dismissed pursuant to Federal Rule of Civil Procedure 4(m) or for want of prosecution. The failure to timely comply with this order will result in dismissal of the defendant Henige without further notice. The parties are further ordered to consult to determine whether the parties agree that Mr. Henige may be included as a part of the City Defendant's Motion to Dismiss (Filing No. 65).

Dated this 26th day of April, 2021.

BY THE COURT:

Brian C. Buescher
United States District Judge